[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
In his single assignment of error, the defendant-appellant, Jeffrey A. Woods, contends that the trial court improperly dismissed his petition for postconviction relief without an evidentiary hearing.[1] Because his petition to vacate was not timely filed under R.C. 2953.23(A), the trial court was required to reject it.
On August 7, 1986 Woods was convicted of five counts of rape, one count of attempted rape, one count of aggravated robbery, and one count of robbery. He was sentenced to indefinite prison terms of ten (actual) to twenty-five years on each of the five rape counts and on the aggravated-robbery count, and to indefinite prison terms of five (actual) to fifteen years on the attempted-rape and robbery counts. All the terms were to run concurrently. On direct appeal, this court affirmed the judgment of conviction on June 10, 1987. State v. Woods (June 10, 1987), Hamilton App. Nos. C-860576, C-870179), unreported. Woods filed his petition for postconviction relief on December 29, 1999. The trial court dismissed it without a hearing on January 19, 2000.
Pursuant to R.C. 2953.21(A)(1), a convicted person may file a petition requesting the sentencing court to vacate the judgment or sentence, when it is claimed that there was such an infringement of constitutional rights as to render the judgment of conviction void or voidable.
Effective September 21, 1995, Woods was required to file his petition for postconviction relief within one year from that date absent certain criteria. R.C. 2953.21(A). In order to have escaped the deadline, Woods was required to show either that he was "unavoidably prevented from discovery of the facts" upon which his claim for relief relied, or that the United States Supreme Court had recognized a new, retroactively effective state or federal right that affected his case. Further, Woods was required to demonstrate by clear and convincing evidence that, but for the constitutional error at trial, "no reasonable factfinder would have found [him] guilty of the offense of which [he] was convicted." R.C. 2953.23(A)(1). See State v. Gibbs (Dec. 11, 1998), Hamilton App. No. C-971087, unreported
Woods's untimely petition, the accompanying request for discovery, and his affidavit did not meet the statutory standards that would have allowed the trial court to entertain postconviction relief. Nonetheless, Woods argues that the trial court denied him an opportunity to respond to the state's motion for summary judgment filed January 10, 2000. (The state had filed a motion to dismiss). His thesis is that, by not allowing him discovery, he was unavoidably prevented from the discovery of facts to support his constitutional claims of ineffective assistance of counsel. His argument fails, however, based upon the authority of our holding that Ohio postconviction statutes do not contemplate discovery in the initial stages of the proceedings. State v. Fauntenberry (Dec. 31, 1998), Hamilton App. No. C-971017, unreported.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Sundermann, and Winkler, JJ.
[1] Curiously, while the cover page of the state's brief has the correct caption, on page one the caption set forth is State v. EarlAnderson, No. C-000421.